IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SHAUNA DAVIS                                                              PLAINTIFF


v.                                    CIVIL NO. 22-cv-5250


KILOLO KIJAKAZI, Acting Commissioner                                     DEFENDANT
Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Shauna Davis, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for DIB on September 15, 2020. (Tr. 24). In her application, Plaintiff alleged disability beginning on July 13, 2019, due to left knee issues, back issues, neck issues, chest issues, depression, and anxiety. (Tr. 24, 279). An administrative hearing was held on December 13, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 57–88). A vocational expert ("VE") also testified. *Id*.

On January 26, 2022, the ALJ issued an unfavorable decision. (Tr. 24–51).  The ALJ found that Plaintiff suffered from the following severe impairments: cervical spine mild to moderate degenerative disc disease, lumbar spine degenerative disc disease, left knee chronic bone infarct and osteoarthritis, left ankle mild to moderate degenerative joint disease, obesity, depression,

anxiety, post-traumatic stress disorder, chronic obstructive pulmonary disease, and headaches. (Tr. 26–27). The ALJ also found the Plaintiff had nonsevere impairments of gastroesophageal reflux disease, skin lesions, chest pain, hyperlipidemia, and hypertension. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27–30). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except: the claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally stoop, kneel, crouch and crawl. The claimant can perform occasional bilateral overhead reaching. No concentrated exposure to dust, fumes, or other pulmonary irritants. No exposure to extreme heat. The work can be performed where interpersonal contact is incidental; tasks should be no more complex than those learned and performed by rote, with few variables and little judgment; and supervision required is simple, direct, and concrete.
> (Tr. 30–49).

The ALJ found Plaintiff was unable to perform any of her past relevant work, and with the help of the VE testimony, determined that Plaintiff would be able to perform the requirements of representative occupations of tuber operator, addresser, or nut sorter. (T. 49–50). The ALJ found Plaintiff was not disabled from July 13, 2019, through the date of her decision. (Tr. 50). Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred by failing to assess the limiting effects of Plaintiff's migraine headaches in the RFC after finding her migraines to be a severe impairment; 2) whether the ALJ failed to provide good reasons for rejecting the opinions of Plaintiff's treatment providers; 3) whether the ALJ failed to address the supportability of consultative examiner Dr. Sontagg's opinion; and 4) whether the ALJ erred by failing to obtain a reasonable explanation between the VE testimony and the Dictionary of Occupational Titles. (ECF Nos. 11, 16). Defendant argues that the ALJ properly discussed and considered Plaintiff's headaches associated with her cervical spine condition, and argues Plaintiff provided no evidence that migraine headaches resulted in limitations beyond those accounted for in the ALJ's RFC findings. (ECF No. 13). Defendant argues the ALJ appropriately considered the supportability and consistency factors for each opinion. Finally, Defendant argues there was no unresolved conflict with the dictionary of occupational titles.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ appropriately considered all of the evidence of record, and his RFC determination was based upon substantial evidence. While Plaintiff argues that the ALJ erred by failing to consider her migraines

in the RFC assessment after finding them to be a severe impairment at step two, a careful reading

of the ALJ's decision shows the ALJ did not find migraines to be a severe impairment.  Rather,

she found Plaintiff to have the severe impairment of headaches. (Tr. 26). In the RFC determination,

the ALJ considered Plaintiff's headaches in a manner consistent with her testimony and treatment

records. Further, the ALJ considered all of the opinion evidence and while she did not use the word

supportability, she did discuss that Dr. Sontagg's opinion was consistent with and supported by

treatment records. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's

brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a

whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision

is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge*

*v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

     IT IS SO ORDERED this 17th day of November 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE